Filed 7/19/18

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>GUY BARRETT WARREN,<br><br>        Defendant and Appellant. | F073159<br><br>(Super. Ct. No. BF160518A)<br><br>**ORDER MODIFYING OPINION**<br>**AND DENYING REHEARING**<br><br>[No Change in Judgment] |

**THE COURT:**

IT IS ORDERED that the petition for rehearing filed by the People on July 5, 2018, is denied. Pursuant to California Rules of Court, rule 8.264(c)(1), the published opinion filed in this appeal on June 21, 2018, is modified in the following particulars. The page numbers in this order refer to the pagination of the slip opinion.

**1.** On page 10, delete the second full paragraph (beginning "The People argue …").

**2.** Replace that paragraph with the following:

The People argued in their brief that reclassification of a prior offense is not an obstacle to applying section 667.5, subdivision (b). They maintained that a section 667.5, subdivision (b) enhancement is "based on the existence of a prior prison term and its failure to deter [a defendant's] criminal behavior, neither of which is altered by the redesignation of his felony as a misdemeanor."

**3.** After the above new paragraph, add the following as a footnote:

On July 5, 2018, after our original opinion in this case was filed, the People filed a petition for rehearing, asking us to modify the opinion to indicate that, at oral argument, they withdrew this argument and conceded

that former felonies reclassified as misdemeanors under Proposition 47 cannot support enhancements under section 667.5, subdivision (b). We denied rehearing but modified the opinion to reflect the concession.

4. On page 10, replace "The People's argument …" at the beginning of the first sentence of the last paragraph with "This argument …"

5. On page 11, delete the first sentence of the first full paragraph (beginning "There is a further …").

6. Replace that sentence with the following:

   There is a further consideration that undermines the position in the People's brief and supports Warren's position.

7. On page 13, delete the first sentence of the first full paragraph (beginning "The People attempt …").

8. Replace that sentence with the following:

   In their brief, the People attempted to support their position by citing *People v. Coronado* (1995) 12 Cal.4th 145 (*Coronado*).

9. On page 14, in the first sentence of the third paragraph, delete the phrase "the People's contention" and replace it with "the contention."

Except for the modifications set forth above, the opinion previously filed remains unchanged.  The modifications do not include a change in the judgment.

_____
SMITH, J.

I CONCUR:


_____
PEÑA, J.

I concur in the modifications to part one of the majority opinion, and respectfully reaffirm my dissent to part two as previously set forth.

_____
POOCHIGIAN, Acting P.J.

2

Filed 6/21/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GUY BARRETT WARREN,<br><br>Defendant and Appellant. | F073159<br><br>(Super. Ct. No. BF160518A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Randall Conner, under appointment by the Court of Appeal, Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Jeffrey A. White, and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**SEE CONCURRING AND DISSENTING OPINION**

Appellant Guy Barrett Warren pleaded no contest to three offenses arising from an incident in which he brandished a gun. He received a seven-year sentence that included four one-year enhancements under Penal Code section 667.5, subdivision (b).[1] Each enhancement was based on a prior felony conviction and its associated prison term.

Warren argues that one of the enhancements was imposed erroneously because the prior offense on which it was based had been reclassified as a misdemeanor pursuant to Proposition 47 before sentencing, and therefore no longer qualified as the basis of an enhancement under section 667.5, subdivision (b). We agree.

The other three enhancements were based on prior felonies that have not been reclassified. Warren argues that these should be reversed as well. He contends that the so-called washout provision of section 667.5, subdivision (b), applies because still other prior felonies were reduced to misdemeanors under Proposition 47, with the result that there was a period exceeding five years following the unreclassified felonies during which he was free of felony convictions. The People argue that the washout provision does not apply because prior offenses wash out only if there is an unbroken five-year period during which the defendant was free of *both* felony offenses *and* time in prison. The People maintain that the reclassifications of Warren's priors as misdemeanors did not erase the prison terms he served for those priors, and as a result the requirements of the washout provision were not satisfied.

We agree with Warren on this point as well. As we will explain, an intent of Proposition 47 is to relieve defendants of the burdens of both felony convictions and felony sentences. Interpreting the washout provision to allow prison terms for reclassified priors to be disregarded honors this intent while still upholding the intent of section 667.5, subdivision (b). It does not appear to us that any other interpretation allows the two statutes to be harmonized.

---

[1] Statutory references are to the Penal Code unless otherwise noted.

In supplemental briefing, Warren informs us that he has been released on post-release community supervision (PRCS). He argues that if we strike enhancements and remand for resentencing, the trial court should be instructed to order a reduction in his PRCS time equal to any excess of his custody credits over the length of the new sentence. The People concede this point.

We will order the four one-year enhancements stricken and remand for resentencing, with instructions to take account of excess custody credits for purposes of determining the PRCS term.

## FACTS AND PROCEDURAL HISTORY

As there was no trial, we draw the facts from the probation officer's report. On June 17, 2015, deputies responded to a report of someone brandishing a firearm. They met the victim, Elizabeth V., outside an apartment building. Elizabeth V. told the deputies she had gone to one of the apartments to collect her belongings. While she was there, she was confronted by another witness, Delores R., who argued with her. The argument developed into a physical fight. While Delores and Elizabeth were fighting, Warren came out of a bedroom, produced a handgun from his waistband, and pointed it at Elizabeth. Elizabeth stopped fighting with Delores, took one of her possessions, and left.

On June 19, 2015, the district attorney filed a complaint charging Warren with three counts: (1) being a felon in possession of a firearm (§ 29800, subd. (a)(1)); (2) being a felon in possession of ammunition (§ 30305, subd. (a)); and (3) drawing or exhibiting a firearm in a rude, angry or threatening manner in the presence of another person (§ 417, subd. (a)(2)). The complaint alleged nine prior convictions: (1) first degree burglary (§ 459, subd. (a)) in 1986; (2) grand theft of a vehicle (former § 487h, subd. (a)) in 1991; (3) being a felon in possession of a firearm (former § 12021, subd. (a)) in 1993; (4) second degree burglary (§ 460, subd. (b)) in 1995; (5) petty theft with a prior theft (§ 666) in 1997; (6) unlawfully taking a vehicle (§ 10851, subd. (a)) in 2002; (7) petty theft with a prior theft (§ 666) in 2005; (8) second degree burglary (§ 460, subd.

3

(b)) in 2008; and (9) second degree burglary (§ 460, subd. (b)) in 2012. All the priors were alleged for purposes of the one-year enhancement under section 667.5, subdivision (b). The 1986 first degree burglary was also alleged as a prior strike (§§ 667, subds. (c)-(j); 1170.12, subds. (a)-(e)).

For the 2012 burglary (prior allegation No. 9), Warren had received a prison sentence of six years. Prior to the commission of the current offenses, while Warren was still serving that burglary sentence, he obtained an order pursuant to section 1170.18, subdivision (a) (Proposition 47). The order reduced the offense to a misdemeanor, resentenced Warren to 180 days with credit for time served, and directed his release.

While the current charges were pending, Warren filed a second Proposition 47 petition, this time pursuant to section 1170.18, subdivision (f), seeking reclassification as misdemeanors of the 1997 petty theft with a prior (allegation No. 5), the 2005 petty theft with a prior (allegation No. 7), and the 2008 burglary (allegation No. 8). The petition was granted on July 15, 2015.

Warren pleaded no contest to all counts and all prior conviction allegations on September 30, 2015. He represented himself in the plea proceeding. The plea was without conditions.

While still self-represented, on October 13, 2015, Warren filed a motion to strike all the prior conviction allegations. Defense counsel filed a similar motion on January 20, 2016. Both motions argued that allegation Nos. 5, 7, 8, and 9 could not support enhancements under section 667.5, subdivision (b), because they had been reduced to misdemeanors under Proposition 47. The motions further argued that allegation Nos. 1 through 6 should be stricken under the washout provision, because, in light of the Proposition 47 reductions, these offenses were separated from the next felonies (the current offenses) by a period of five years or more. The motion filed by counsel also asked the court to strike the prior strike (the 1986 burglary) under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

4

The court took up the motions to strike at the sentencing hearing. It rejected Warren's Proposition 47 arguments. In the court's view, a felony committed before the passage of Proposition 47 and reduced afterwards was still a felony for the purpose of imposing sentence enhancements, despite the statutory mandate that any such offense "shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).)

The court granted Warren's *Romero* request and struck allegation No. 1, the 1986 burglary. Next, the court accepted the probation officer's finding that allegation Nos. 2 and 3 involved concurrent prison terms and therefore could not support separate enhancements under section 667.5, subdivision (b). It struck allegation No. 2 as invalid for this reason.[2] The court imposed one-year enhancements under section 667.5, subdivision (b) for four allegations: Nos. 3, 4, 6, and 9.[3] It stated that the enhancements for the remaining allegations were "stayed … in the interest of justice" under section 1385.

For count 1, the court selected the upper term of three years. It added the four one-year enhancements under section 667.5, subdivision (b), for a total sentence of seven years. The court imposed the upper term of three years on count 2, and stayed it pursuant to section 654. On count 3, the court imposed a concurrent term of 180 days.

The table below summarizes the nine enhancements alleged in the complaint, the dates Warren was released from prison for each offense as shown in the probation report,

---

[2] The probation officer's report recommended striking allegation No. 3, but the court expressly imposed an enhancement on allegation No.3, while not mentioning allegation No. 2 by name and staying all the allegations on which it did not impose enhancements. So allegation No. 2 must have been the one it declined to apply on the ground that the associated sentence was concurrent with the sentence for another offense.

[3] The court actually referenced No. 8, not No. 9, in both its oral remarks and its minute order. At the same time, however, the court made it clear that it intended to apply the enhancement to allegation No. 9, by commenting that it "specifically picked" the allegation involving the offense for which Warren was released in 2015.

the rulings on the Proposition 47 petitions, the rulings on the motions to strike, and the enhancements applied.

| Prior offense | Convic-tion date | Sentence | Release date | Rulings on Prop. 47 petitions | Rulings on motions to strike | Enhance-ment |
|---|---|---|---|---|---|---|
| **(1)** First degree burglary (§ 460, subd. (a)) | 11/21/86 | 2 years prison | 12/1/87 | | Granted (*Romero*) | None |
| **(2)** Grand theft vehicle (former § 487h, subd. (a)) | 5/17/91 | 4 years prison | 1/12/93[4] | | Denied | None; found to be concurrent with prior No. 3 |
| **(3)** Felon in possession of firearm (former § 12021, subd. (a)) | 7/27/93 | 16 months prison | 2/1/95 | | Denied | 1 year (§ 667.5, subd. (b)) |
| **(4)** Second degree burglary (§ 460, subd. (b)) | 5/8/95 | 32 months prison | 5/1/97 | | Denied | 1 year (§ 667.5, subd. (b)) |
| **(5)** Petty theft with prior theft (§ 666) | 10/29/97 | 5 years prison | 7/9/01 | Granted 7/15/15; offense reclassified as misdemeanor | Denied | Stayed in interest of justice (§ 1385) |
| **(6)** Un-lawful taking of vehicle (§ 10851, subd. (a)) | 3/6/02 | 32 months prison | 4/1/04 | | Denied | 1 year (§ 667.5, subd. (b)) |

---

**4** From the probation report, it appears that Warren was released on January 12, 1993, but committed the offense in allegation No. 3 while still on parole, and was then returned to prison to serve a new sentence deemed concurrent with that from which he had been paroled.

| | | | | | | |
|---|---|---|---|---|---|---|
| **(7)** Petty theft with prior theft (§ 666) | 3/21/05 | 32 months prison | 9/12/06 | Granted 7/15/15; offense reclassified as misdemeanor | Denied | Stayed in the interest of justice (§ 1385) |
| **(8)** Second degree burglary (§ 460, subd. (b)) | 6/20/08 | 28 months prison | Date not shown | Granted 7/15/15; offense reclassified as misdemeanor | Denied | Stayed in the interest of justice (§ 1385) |
| **(9)** Second degree burglary (§ 460, subd. (b)) | 5/30/12 | 6 years prison | 2/20/15 | Granted 2/11/15; offense reduced to mis-demeanor; defendant resentenced and released | Denied | 1 year (§ 667.5, subd. (b)) |

## DISCUSSION

We are asked in this case to interpret section 667.5, subdivision (b), in light of the relevant provisions of Proposition 47 codified in section 1170.18. As the questions at issue are questions of law rather than of the court's sentencing discretion, we review them under the de novo standard. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

In interpreting statutes, our objective is "to ascertain and effectuate legislative intent." (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007.) To the extent that the language in a statute may be unclear, we look to legislative history and the statutory scheme of which the statute is a part. (*People v. Bartlett* (1990) 226 Cal.App.3d 244, 250.) We look to the entire statutory scheme in interpreting particular provisions "so that the whole may be harmonized and retain effectiveness." (*Clean Air Constituency v. California State Air Resources Bd.* (1974) 11 Cal.3d 801, 814.) "In the end, we '"must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the

7

statute, and avoid an interpretation that would lead to absurd consequences."'" (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003.)  Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute.  (*People v. Shabazz* (2006) 38 Cal.4th 55, 67.)  When two statutes regarding the same subject matter appear to conflict, our task is to harmonize the statutes.  (*Drouet v. Superior Court* (2003) 31 Cal.4th 583, 593.)  The same principles apply to the interpretation of voter initiatives. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

## I.    *Allegation No. 9*

The law enacted by the voters' approval of Proposition 47 requires the court, upon the petition of a defendant who has served a sentence, to designate as a misdemeanor an offense that was a felony at the time of conviction but that would have been a misdemeanor had Proposition 47 been in effect at that time.  (§ 1170.18, subds. (f)-(g).) Where the petitioner is currently serving the sentence for a felony, the court considers whether resentencing would present an unreasonable risk of danger to public safety (as defined), and, if not, imposes a misdemeanor sentence in place of the felony sentence. (§ 1170.18, subds. (a)-(b).)  When either type of petition is granted, the offense of the conviction thereafter "shall be considered a misdemeanor for all purposes," except that a resentencing cannot allow the convict to recover his or her rights regarding firearms. (§ 1170.18, subd. (k).)

Section 667.5, subdivision (b), provides for a one-year sentence enhancement on a new felony conviction resulting in a prison sentence where the defendant has previously been convicted of a felony and served a prison term.  The enhancement is imposed for "each prior separate prison term … for any felony."  Under the washout provision, however, the enhancement is *not* imposed if the defendant is free of both felony convictions and incarceration in prison for five years following release from the previous incarceration.  (§ 667.5, subd. (b).)

8

Warren argues that it was error to impose an enhancement based on allegation No. 9 because, at the time of sentencing, that prior offense had been reclassified as a misdemeanor pursuant to Proposition 47, and therefore should have been treated as one for "all purposes," including the purpose of imposing sentence enhancements. Since an enhancement under section 667.5, subdivision (b), must be based on a prior prison term imposed *for a felony*, he says, his reclassified prior offense could not be a basis for such an enhancement. We agree with Warren.

Warren relies on *People v. Abdallah* (2016) 246 Cal.App.4th 736. Abdallah was convicted of several felonies. At the time of his conviction of these offenses, he had two prior felony convictions. He had a felony conviction in 2002 for which he served a prison sentence and another in 2011 for which he was granted probation. After his conviction on the current offenses but before sentencing, the 2011 prior was reduced to a misdemeanor pursuant to a Proposition 47 petition, with the result that he had no felony convictions or prison terms for more than five years after his release from prison on the 2002 conviction. In spite of this, the trial court imposed a one-year enhancement for the 2002 prior, based on section 667.5, subdivision (b). (*Abdallah, supra*, 246 Cal.App.4th at pp. 740-741.) The Court of Appeal ordered the enhancement stricken. (*Id.* at p. 749.) It held that because a felony conviction reclassified as a misdemeanor pursuant to a Proposition 47 petition becomes a misdemeanor for *all* purposes, Abdallah's reclassified 2011 prior was no longer a felony for purposes of section 667.5, subdivision (b) at the time he was sentenced on the current offenses. This meant the washout provision was applicable and therefore the enhancement could not be imposed. (*Abdallah, supra,* at pp. 743-746.)

The *Abdallah* court relied in part on *People v. Park* (2013) 56 Cal.4th 782. (*Abdallah, supra*, 246 Cal.App.4th at p. 745.) In *Park*, the defendant pleaded guilty in 2003 to felony assault with a deadly weapon. He was granted probation. After he completed his probation, the court applied section 17, subdivision (b)(3), to reduce the

9

assault to a misdemeanor. (*Park, supra*, 56 Cal.4th at p. 787.) Section 17, subdivision (b), provides that when it is used in this way to reduce a felony conviction to a misdemeanor, the offense "is a misdemeanor for all purposes." When the defendant was subsequently convicted of new offenses, however, the court used the 2003 offense as the basis of a prior felony enhancement under section 667, subdivision (a). (*Park, supra,* 56 Cal.4th at p. 788.) The Supreme Court held that this was error. It observed, among other things, that "courts have long recognized that reduction of a wobbler to a misdemeanor under what is now section 17(b) generally precludes its use as a prior felony conviction in a subsequent prosecution." (*Id.* at p. 794.) Reclassification under Proposition 47 is comparable. There is no basis, in either situation, for taking "misdemeanor for all purposes" at anything other than face value.

We agree with the holding in *Abdallah* and agree with Warren's argument that it determines the outcome on this issue here. The offense in allegation No. 9 was a misdemeanor for all purposes and therefore could not be the basis of an enhancement under section 667.5, subdivision (b).[5]

The People argue that reclassification of a prior offense is not an obstacle to applying section 667.5, subdivision (b). They maintain that a section 667.5, subdivision (b) enhancement is "based on the existence of a prior prison term and its failure to deter [a defendant's] criminal behavior, neither of which is altered by the redesignation of his felony as a misdemeanor."

The People's argument overlooks the fact that section 667.5, subdivision (b), expressly requires the prior prison term to have been imposed "for any *felony*" (italics added). A section 667.5, subdivision (b) enhancement is imposed only for a prior offense that (1) is a felony, and (2) was committed under circumstances and in a manner that warranted a prison term. Since felony status is one of the requirements, logic bars a trial

---

**5**     In a letter filed on April 19, 2018, Warren calls our attention to this court's opinion in *People v. Call* (2017) 9 Cal.App.5th 856, which reached a similar conclusion.

10

court from imposing an enhancement pursuant to this provision based on a prior offense that the court "*shall . . .* consider[] a misdemeanor for all purposes." (§ 1170.18, subd. (k), italics added.)

There is a further consideration that undermines the People's position and supports Warren's. Our Supreme Court held in *People v. Prather* (1990) 50 Cal.3d 428 (*Prather*) and *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*) that prior prison term enhancements are aimed primarily at the prior felony and only secondarily at the prior prison term (as an indication of the severity of the felony). Consequently, as will be seen, the prison term required for application of section 667.5, subdivision (b) cannot serve as an *independent* basis for an enhanced sentence.

In *Prather*, the question was whether a provision of the California Constitution adopted when the voters approved Proposition 8 abrogated a statutory prohibition on using sentence enhancements to create a total sentence exceeding double the base term. (*Prather, supra*, 50 Cal.3d at pp. 430-431.) Former section 1170.1, subdivision (g), provided that, except in the case of a violent felony, a term of imprisonment could not exceed twice the number of years imposed by the trial court as the base term. (*Prather, supra*, 50 Cal.3d at p. 431, fn. 2.) Article I, section 28, subdivision (f) of the California Constitution, added by Proposition 8, provides that any prior felony "shall be used without limitation" for purposes of sentence enhancement. Prather was convicted of burglary and received a sentence of six years, consisting of a two-year base term and four years of enhancements, including one year under section 667.5, subdivision (b). (The § 667.5, subd. (b) enhancement was the only one at issue before the Supreme Court.) (*Prather, supra*, 50 Cal.3d at pp. 431-432.) Prather argued that the section 667.5, subdivision (b) enhancement fell under the statutory prohibition on exceeding double the base term—and not under the constitutional provision mandating use of any prior felony for enhancement purposes without limitation—because a prior prison term enhancement increases punishment based on service of a prior prison term, not on a conviction for a

11

prior felony.  (*Prather, supra*, 50 Cal.3d at p. 439.)  The Supreme Court rejected this argument:

> "Section 667.5(b) provides that 'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served *for any felony*.'  (Italics added.)  We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term.  That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment."  (*Prather, supra,* 50 Cal.3d at p. 440.)

In *Jones*, the defendant's sentence included a five-year enhancement under section 667, subdivision (a), and three one-year enhancements under section 667.5, subdivision (b).  The five-year enhancement and one of the one-year enhancements were based on the same prior felony.  (*Jones, supra*, 5 Cal.4th at p. 1145.)  The Court of Appeal reasoned that these enhancements could present no difficulty in the nature of a double punishment for the same facts, because the five-year enhancement was based on the prior felony conviction while the one-year enhancement was based on the defendant serving a prison term, a separate and distinct basis.  (*Id*. at pp. 1147-1148.)  The Supreme Court rejected that view, finding it to be inconsistent with *Prather*.  Summarizing its analysis in *Prather*, the court explained it had "conclud[ed] that the distinction between prior prison terms and prior felonies for enhancement purposes was 'untenable' and, by inference, 'hypertechnical' and 'supertechnical.'"  (*Jones*, *supra*, 5 Cal.4th at p. 1148.)  The *Jones* court went on to determine that the intent behind the five-year enhancement statute, section 667, subdivision (a), was that when that provision and another provision each provided for an enhancement based on a particular prior offense, the longer of the two enhancements would apply, not both enhancements.  (*Jones, supra,* at pp. 1149-1150.)

For purposes of the present case, the fundamental point in both *Prather* and *Jones* is that section 667.5, subdivision (b), is in essence simply a statute that provides for an

enhanced sentence based on a certain class of prior felonies. The class is identified by the presence of an associated prison term, but it is the existence of a prior felony in that class that is the predicate of the enhancement—not the existence of the prison term viewed as an independent fact. The Supreme Court's view thus defeats the People's argument in this case that the enhancement based on allegation No. 9 is "based on the existence of a prior prison term" rather than the existence of a prior felony.

The People attempt to support their position by citing *People v. Coronado* (1995) 12 Cal.4th 145 (*Coronado*). The defendant in that case was found guilty of driving under the influence of alcohol. He had three prior felony convictions, for each of which he served a prison term. One of these was for felony drunk driving. Applying a section of the Vehicle Code, the trial court used the prior drunk driving felony to elevate the current offense to a felony. Then it used that prior again, along with the other two prior felonies, to add three one-year enhancements under section 667.5, subdivision (b). (*Coronado, supra*, 12 Cal.4th at p. 149.) One of the questions before the Supreme Court was whether the sentence was invalid under section 654 because it punished the same act—the prior drunk driving felony offense—under more than one provision of law. (*Coronado, supra*, 12 Cal.4th at p. 156.)

The Supreme Court explained that some sentence enhancements "go to the nature of the offender," while others "go to the nature of the offense." Prior prison term enhancements, like section 667.5, subdivision (b), go to the nature of the offender "and are attributable to the *defendant's status* as a repeat offender." (*Coronado, supra*, 12 Cal.4th at p. 157.) Consequently, these enhancements "are not attributable to the underlying criminal conduct which gave rise to the defendant's current and prior convictions," but to his being a recidivist. It followed, in the court's view, that section 667.5, subdivision (b) and the Vehicle Code section raising the current offense to a felony were not increasing the defendant's punishment based on the same act. (*Coronado, supra*, 12 Cal.4th at p. 158.)

13

There may be some tension between *Coronado* on the one hand and *Jones* and *Prather* on the other, but *Coronado* does not in any way overrule or undermine the two earlier cases, and it contributes little to the People's position here.  *Coronado* relies on a distinction between a prior offense and a defendant's recidivist status, not between the commission of the prior offense and the serving of a prior prison term.  The latter distinction is the one the People seek to rely on here, and is the one rejected by *Jones* and *Prather*.

Combining the holdings of *Jones* and *Coronado*, we may say section 667.5, subdivision (b) punishes recidivist status, and the recidivism it punishes arises from the commission of a new felony following the commission of a prior felony belonging to a subset of felonies, i.e., those resulting in a prison term.  It does not punish the type of recidivism that arises from the commission of a felony following the commission of a prior offense that has been deemed a misdemeanor, even if it happens to be the case that the defendant served a prison term for the offense before it was deemed a misdemeanor.

For all these reasons, we reject the People's contention that an offense deemed a "misdemeanor for all purposes" pursuant to a Proposition 47 petition can nevertheless be treated as a prior felony for purposes of a sentence enhancement under section 667.5, subdivision (b).  The enhancement based on allegation No. 9 must be reversed.

From what we have said, it follows that the trial court also should have stricken the enhancements based on allegation Nos. 5, 7, and 8, instead of staying them.  This point was raised at oral argument and the People acknowledged that striking these enhancements would be the appropriate ruling.  Our disposition below so reflects.

II.     *The washout provision of section 667.5, subdivision (b), and allegations Nos. 3, 4, and 6*

Section 667.5, subdivision (b), provides in its entirety as follows:

> "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not

14

suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended. A term imposed under the provisions of paragraph (5) of subdivision (h) of Section 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision, shall qualify as a prior county jail term for the purposes of the one-year enhancement."

The requirements for imposition of an enhancement under this statute may be summarized thus: The defendant (1) was convicted of a felony; (2) was imprisoned as a result; and (3) after being released from that imprisonment, failed to remain free of both felony convictions and custody in prison or in jail under section 1170, subdivision (h), for five years. At issue here is the application of the last requirement, often referred to as the washout provision because it allows prior felonies to be "washed out" or disregarded.

Warren argues that the enhancements based on allegation Nos. 3, 4, and 6 should wash out under this provision. This is so, he says, because: (1) he was released from incarceration for the offense in allegation No. 6 on April 1, 2004; (2) all the subsequent felonies alleged in the complaint—those in allegation Nos. 7, 8, and 9—were reduced to misdemeanors under Proposition 47; and (3) he did not commit another felony until the current offenses in 2015.[6]

---

[6] Warren again cites *Abdallah,* but on this issue that case is distinguishable. The Court of Appeal there did hold that an enhancement for one of the defendant's prior felonies washed out because, once a subsequent offense was removed from consideration because it had become a misdemeanor under Proposition 47, the defendant had the necessary offense-free five-year period. Unlike in this case, however, the defendant there served no prison time for that subsequent offense. (He got probation.) So for him— unlike for Warren—the conversion of a prior offense to a misdemeanor did indeed create a five-year period during which there was neither a felony offense nor any incarceration

15

The People, however, point out that Warren served prison terms for the offenses in allegation Nos. 7, 8, and 9. When these terms and their release dates are taken into account, as shown in the table above, it is apparent that between his release on April 1, 2004, and the date of commission of the current offenses, Warren had no unbroken five-year period during which he was free of *both* felony offenses and incarceration in prison.

The People are correct that the literal terms of the washout provision—requiring five years free of both felony offenses and incarceration in prison—are not satisfied by the facts in this case, even though the offenses in question can no longer be treated as felonies. Warren still served the prison terms.

We think this is one of those instances, however, in which literal construction should not prevail because it is not consistent with legislative intent. (*Shabazz, supra,* 38 Cal.4th at p. 67.) When two statutes regarding the same subject matter appear to conflict, as mentioned above, our task is to harmonize the statutes. (*Drouet, supra,* 31 Cal.4th at p. 593.) As we will explain, the intents manifested in section 667.5 and in Proposition 47 can be harmonized only by rejecting the literal interpretation of the washout provision urged by the People.

From the key features of section 1170.18, it is evident that a goal of Proposition 47 is not only to relieve defendants of the burden of having felony convictions on their records for offenses no longer deemed serious enough for felony status, but also to relieve them of felony sentences for these offenses. For section 1170.18 does not only mandate that reclassified felonies be treated as misdemeanors for all purposes. (§ 1170.18, subd. (k).) It also calls for felony *sentences* to be recalled and replaced with misdemeanor sentences, in cases in which the defendant is still serving a felony sentence, except where the court finds that resentencing would pose an unreasonable risk to public safety. (§ 1170.18, subds. (a)-(b).) When the sentence has already been completed, the

in prison. (*Abdallah, supra,* 246 Cal.App.4th at pp. 740, 746.) *Abdallah* thus does not resolve the washout issue as it arises in this case.

16

law requires the offense simply to be reclassified.  (§ 1170.18, subds. (f)-(g).)  From these provisions, we infer that the voters intended successful Proposition 47 petitioners to be relieved of the effects of their former felony convictions, including the effects of the sentences imposed for those convictions.  The voters' legislative judgment was that, for the offenses identified in a successful Proposition 47 petition, neither felony status nor felony punishment is appropriate.

That intent conflicts with the literal terms of section 667.5, subdivision (b), since those terms literally construed bar application of the washout provision to those who served prison time during the five-year washout period, even though the associated felony convictions must be considered as misdemeanors.  Yet construing the washout provision nonliterally, to conform to the intent of Proposition 47, would not undermine the intent of the washout provision.  The manifest purpose of the reference to being free of incarceration during the washout period is to cause the washout period to begin to run from the prisoner's release date, not the conviction date, in those instances in which the prior felony resulted in a prison term.  This in turn is intended to ensure that a defendant convicted *of a felony* does not commit another felony for five years after being *released*, as opposed to five years after being convicted.  There is no reason to suppose the Legislature wanted to cover the contingency of a free-floating prison term with no associated felony—the anomaly to which Proposition 47 gives rise, but which presumably was unthought of when section 667.5 was enacted.

Lest our approach raise jurisprudential eyebrows by seeming to handle statutory language too roughly, we cite *People v. Valencia* (2017) 3 Cal.5th 347 (*Valencia*), in which our Supreme Court recently subordinated literal interpretation to legislative intent in a striking manner.  *Valencia* involves the impact of Proposition 47 on the Three Strikes Reform Act, also known as Proposition 36, approved by the voters two years before Proposition 47.  Like Proposition 47, Proposition 36 provides a procedure by which certain prisoners can apply to the superior court for a sentence reduction in accordance

17

with the new law adopted by the voters.  (§§ 1170.126, subds. (a), (b), 1170.18, subds. (a), (b).)  Also like Proposition 47, Proposition 36 gives the superior court discretion to deny resentencing if it "determines that resentencing the petitioner would pose an unreasonable risk to public safety."  (§§ 1170.126, subd. (f), 1170.18, subd. (b).)  The two statutes employ these same words.  Proposition 47, however, adds this:

> "*As used throughout this code*, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of [§ 667, subd. (e)(2)(C)(iv)]."
> (§ 1170.18, subd. (c), italics added.)

"[T]his code" is the Penal Code, which, of course, contains Proposition 36. Section 667, subdivision (e)(2)(C)(iv) contains a list of specified offenses, those known as super strikes.  Surely it follows that courts applying Proposition 36 will now be required to limit their consideration to whether a prisoner poses an unreasonable risk of committing a super strike, just like courts applying Proposition 47?  No!  The Supreme Court held, among other things, that it would be unreasonable to believe voters casting ballots on Proposition 47—which involves low-level offenders whose crimes are now deemed misdemeanors—understood they would be easing the release of third strikers serving life sentences.  This was held to be so despite the normal presumption that voters are aware of existing law.  (*Valencia, supra*, 3 Cal.5th at pp. 357, 369-370.)  *Valencia* demonstrates that the principle on which we rely—that legislative intent is not to be thwarted by a literal interpretation of statutory words conflicting with it—is alive and well.  (Accord *People v. Soto* (2018) 4 Cal.5th 968 [adhering to legislative intent revealed in enactment history of § 29.4, despite lack of textual support in statute.].)

To summarize:  (1) A goal of Proposition 47, when a prior offense is found pursuant to a Proposition 47 petition not to be worthy of treatment as a felony, is to relieve the defendant of the burden of a felony conviction, including the burden of a felony sentence.  (2) Despite its literal terms, section 667.5, subdivision (b), manifests no intent inconsistent with this goal of Proposition 47.  (3) Therefore, the washout provision

18

of section 667.5, subdivision (b), should be construed to allow a prior felony to wash out provided it is followed by a five-year period free of felony convictions and incarceration in prison or in county jail pursuant to section 1170, subdivision (h), except that such incarceration shall not prevent the prior felony from washing out if it was imposed for an offense that has been designated a misdemeanor or resentenced as a misdemeanor pursuant to a petition filed under section 1170.18.

For these reasons, it is appropriate to view the prior felonies in allegation Nos. 3, 4, and 6 as being followed by the necessary five-year washout period. We will order stricken the section 667.5, subdivision (b) enhancements based on those three priors.

## III.    *Excess custody credits*

In a supplemental brief, Warren informs us that he was released on PRCS on March 16, 2018. Citing *People v. Steward* (2018) 20 Cal.App.5th 407 (*Steward*), he anticipates certain consequences for his PRCS term if we should agree with his arguments above. Specifically, he contends that if we strike enhancements and remand for resentencing, we should direct the trial court to determine whether his custody credits exceed the length of the new sentence, and, if so, to reduce his time on PRCS by the excess amount.

In *Steward*, the defendant received a prison sentence based on multiple felonies, one of which was subsequently reduced to a misdemeanor pursuant to a Proposition 47 petition. He was resentenced to a shorter term, which was exceeded by the custody credits he had accumulated up to the time of the resentencing. He was released and placed on PRCS. The question on appeal was whether the excess credits should be used to reduce his time on PRCS. (*Steward, supra*, 20 Cal.App.5th at p. 412.) After an exhaustive statutory analysis, the Court of Appeal held that they should. (*Id.* at p. 426.) It relied in part on a provision contained in section 1170, subdivision (a)(3), stating that the court shall advise the defendant that he or she must serve an applicable period of parole, PRCS, or mandatory supervision "unless the in-custody credits equal the total

19

sentence, including both confinement time and the period of parole," PRCS, or mandatory supervision. (*Steward, supra,* at pp. 421-422.)

On this basis, Warren asks us to "order that, upon resentencing, any excess custody credits will apply to [his] PRCS term." The People agree that this should be done if we hold that enhancements must be stricken. Seeing no basis for disagreeing with *Steward*, we will so order.

Finally, we pause to respond briefly to our concurring and dissenting colleague's opinion. The principal thesis of the dissenting portion of the opinion is that the literal application of the washout provision in this case would present no conflict with the mandate in section 1170.18 to treat reclassified felonies as misdemeanors for all purposes. This is well and good, however, questions of intent and conflict often present thorny problems of interpretation, and so it is here. We can do little else but emphasize that our goal is "to ascertain and effectuate legislative intent" (*Woodhead, supra*, 43 Cal.3d at p. 1007), whether that of the voters or the Legislature, and urge the view that our interpretation does the better job of this.

On a secondary point, we believe the dissent is mistaken in a more concrete way. There is no sense in which our interpretation "could amount to the effective reclassification, for purposes of prior prison term enhancements, of felony convictions that do not qualify for misdemeanor status under section 1170.18." (Conc. & diss. opn, *post*, at p. 9.) The washout provision of section 667.5, subdivision (b), is the only sentencing provision affected by our holding. We are aware of no other provision of the Penal Code similar to it, other than the washout provision in section 667.5, subdivision (a) (which applies to violent crimes unaffected by Proposition 47). Our holding has no bearing whatsoever on other recidivist sentencing provisions. It could not cause the "effective reclassification" of a prior strike as a misdemeanor for purposes of the three strikes law, for example. While under section 667.5, subdivision (b), prior felonies can wash out under the washout provision regardless of their seriousness, this has always

20

been the case.  Moving forward from the effective date of Proposition 47, it is, of course, impossible under any interpretation for a new misdemeanor offense to block future application of the washout provision, even if the offense would have been a felony and led to a prison term had Proposition 47 not been passed.  It would be arbitrary to treat defendants differently who committed the same prior offenses before the effective date of Proposition 47.

The point of the washout provision of section 667.5, subdivision (b), is to relieve defendants of the enhancements created by that subdivision in those cases in which defendants have been free of committing offenses society has deemed felonies, and receiving punishments based on such offenses, for a given period of time after being released from a prison term.  Our holding gives effect to this point and has no impact on any other sentencing scheme.

### DISPOSITION

All of the one-year enhancements applied to appellant's sentence, including those that were stayed, are stricken, the sentence is vacated, and the case is remanded to the trial court for resentencing.  The trial court is directed to calculate Warren's in-custody credits and determine whether they exceed the length of the new sentence.  If they do, the trial court shall make an order stating that Warren's maximum time on PRCS is reduced by the amount of the excess.  The trial court is further directed to prepare an amended abstract of judgment, which shall reflect any reduction in the PRCS time, and forward it to the appropriate correctional authorities.  The judgment is affirmed in all other respects.

_____

SMITH, J.

I CONCUR:


_____

PEÑA, J.

21

POOCHIGIAN, Acting P.J. – Concurring and dissenting.

I concur with the majority's analysis in section I, that the prior prison term enhancement imposed for allegation No. 9 must be stricken because, at the time of the sentencing hearing in this case, the underlying felony conviction had been reclassified as a misdemeanor pursuant to Proposition 47.

However, I respectfully dissent from the majority's conclusion in section II, that the reclassification of certain underlying felony offenses to misdemeanors may trigger the "washout" rule of Penal Code section 667.5, subdivision (b),[1] such that a court cannot impose prior prison term enhancements even for allegations based on felony convictions that have not been reclassified to misdemeanors. I believe such a conclusion is contrary to the express provisions of section 667.5, subdivision (b), the statutory procedures for relief set forth in section 1170.18, and the underlying intent of Proposition 47.

**The "washout" rule**

Section 667.5 provides in relevant part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] ... [¶] (b) Except where subdivision (a) [concerning violent felonies] applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of *both the commission of an offense which results in a felony conviction, and prison custody or the*

---

[1] All further statutory referenced are to the Penal Code unless otherwise indicated.

*imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended….*" (Italics added.)

"The last phrase is commonly referred to as the 'washout rule' where a prior felony conviction and prison term can be 'washed out' or nullified for the purposes of section 667.5." (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229 (*Fielder*).)

"According to the 'washout' rule, if a defendant is free from both prison custody *and* the commission of a new felony for *any* five-year period following discharge from custody or release on parole, the enhancement does not apply. [Citations.] Both prongs of the rule, lack of prison time *and* no commission of a crime leading to a felony conviction for a five-year period, are needed for the 'washout' rule to apply. This means that for the prosecution to prevent application of the 'washout' rule, it must show a defendant *either* served time in prison *or* committed a crime leading to a felony conviction within the pertinent five-year period. [Citations.] This construction furthers the legislative intent behind enactment of section 667.5, subdivision (b) of 'increasing the punishment incurred by repeat offenders and thereby deterring recidivism. [Citations.]' [Citation.]" (*Fielder, supra*, 114 Cal.App.4th at p. 1229, italics in original.)

## People v. Abdallah

Defendant relies on *People v. Abdallah* (2016) 246 Cal.App.4th 736 (*Abdallah*) in support of his argument that the washout rule applies in his case. I agree with the majority that *Abdallah's* discussion of the washout rule is factually distinguishable. The defendant in *Abdallah* was placed on probation and did not serve any time in prison for the 2011 prior conviction that was later reduced to a misdemeanor under Proposition 47, and that distinctive fact triggered the washout rule in that case. (*Abdallah*, *supra*, 246 Cal.App.4th at pp. 740–741, 746.)[2]

---

[2] A petition for review was not filed in *Abdallah*, and the California Supreme Court has not yet addressed the application of Proposition 47 to the washout rule.

2

## Section 1170.18

I believe that the potential conflict identified by the majority, between section 667.5, subdivision (b)'s longstanding washout rule and the reclassification procedures subsequently enacted in Proposition 47, may be harmonized.

There are two separate methods for relief set forth in section 1170.18, the resentencing statute created by Proposition 47. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092 (*Rivera*); *People v. Gonzales* (2017) 2 Cal.5th 858, 863.) Section 1170.18 states a specific method for relief for petitioners currently serving prison terms for a felony conviction.

> "Under section 1170.18, a person '*currently serving*' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and *request resentencing* in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 *shall have his or her sentence recalled* and be '*resentenced to a misdemeanor ...* unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Rivera, supra*, 233 Cal.App.4th at p. 1092, italics added; *People v. Morales* (2016) 63 Cal.4th 399, 404.)

"A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence …." (§ 1170.18, subd. (d).)

Section 1170.18 sets forth a separate method for relief for petitioners who have completed serving prison terms for felony convictions.

> "Section 1170.18 also provides that persons who have *completed* felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their *felony convictions* 'designated as misdemeanors.' (§ 1170.18, subds. (f); see *id*., subds. (g)–(h).)" (*Rivera, supra*, 233 Cal.App.4th at p. 1093, italics added.)

3

"If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

Section 1170.18 thus states that when a petitioner files for and is qualified to obtain relief while serving a prison term, the court may both reclassify the petitioner's felony conviction to a misdemeanor *and* resentence him under the appropriate circumstances, with credit for time served. (§ 1170.18, subds. (a), (b), (d).)

If the petitioner has completed serving the prison term and then files for relief, section 1170.18 again authorizes the court to reclassify the prior felony conviction to a misdemeanor under appropriate circumstances. (§ 1170.18, subds. (f), (g), (h).) In contrast to the first method for relief, however, subdivisions (f), (g), and (h) of section 1170.18 do not expressly vest the court with discretion to modify or resentence the petitioner in any way for the completed prison term. (*Ibid.*, see, e.g., *People v. Gonzales*, *supra*, 2 Cal.5th at p. 863.)

I believe that the drafters' inclusion of two separate methods for relief in section 1170.18, with one method providing for resentencing while the other does not, means that when the court grants relief to a petitioner who has already completed serving a prison term, the court only has discretion to reclassify the petitioner's prior felony conviction to a misdemeanor. The court apparently has no discretion to resentence the petitioner or otherwise modify the fact that the petitioner has completed serving a prison term.

As noted above, section 667.5, subdivision (b) states that "[b]oth prongs of the rule, lack of prison time *and* no commission of a crime leading to a felony conviction for a five-year period, are needed for the 'washout' rule to apply." (*Fielder, supra*, 114 Cal.App.4th at p. 1229, italics in original.) It does not appear that the washout rule was modified or amended by Proposition 47 or section 1170.18. Based on the language of section 1170.18, if a petitioner has sought relief after completing a prison term, the court may only reclassify his felony conviction to a misdemeanor. Under these circumstances,

4

the petitioner's completed term of imprisonment is still a fact that may be proved by the prosecution for imposition of section 667.5, subdivision (b) prior prison term enhancement – avoiding application of the washout rule – even though the petitioner's prior felony conviction was reclassified as a misdemeanor.

**Statutory intent**

The majority acknowledges section 1170.18 established two separate methods for a petitioner to seek relief under Proposition 47, one of which does not vest the court with discretion to recall and resentence the petitioner. (Maj. opn., *ante*, at p. 8.) The majority further acknowledges "the literal terms" of the washout provision "are not satisfied by the facts in this case" since the defendant still served the prison terms for the offenses that were later reclassified as misdemeanors. (Maj. opn., *ante*, at p. 16.)

It has been noted that when either type of petition is granted, the "felony conviction" shall be considered "a misdemeanor for all purposes," except for specific firearm prohibitions. (§ 1170.18, subd. (k).) Even though the defendant's prior prison terms were not recalled, the majority opinion concludes that "this is one of those instances … in which literal construction should not prevail because it is not consistent with legislative intent." (Maj. opn., *ante*, at p. 16.) The majority opinion finds "the voters intended successful Proposition 47 petitioners to be relieved of the effects of their former felony convictions, including the effects of the sentences imposed for those convictions[]" and, despite the literal terms of the two statutes, there is "no reason to suppose the Legislature wanted to cover a free-floating prison term with no associated felony—the anomaly to which Proposition 47 gives rise, but which presumably was unthought of when section 667.5 was enacted." (Maj. opn., *ante*, at pp. 16–17.)

The majority's conclusions are based on the premise that Proposition 47 was enacted with a particular "intent" in mind, and that intent should govern over the literal terms of section 1170.18. I disagree with this conclusion.

5

"When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure. [Citation.]" (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

"If a penal statute is still reasonably susceptible to multiple constructions, then we ordinarily adopt the ' "construction which is more favorable to the offender ...." ' [Citation.]" (*People v. Rizo* (2000) 22 Cal.4th 681, 685–686.) However, "[a] court may not rewrite a statute to conform to a presumed intent that is not expressed. [Citation.]" (*People v. Statum* (2002) 28 Cal.4th 682, 692.) "We have no general power to rewrite statutes to conform to some underlying 'policy.' As a rule, there can be no intent in a statute not expressed in its words; the intention of the Legislature must be determined from the language of the statute. [Citation.]" (*Woodland Joint Unified School Dist. v. Commission on Professional Competence* (1992) 2 Cal.App.4th 1429, 1451.)

I agree with the majority opinion's description of section 1170.18 as (1) requiring reclassified felonies be treated as misdemeanors for all purposes (§ 1170.18, subd. (k)); (2) calling for felony sentences to be recalled and replaced with misdemeanor sentences except where the petitioner would pose an unreasonable risk of danger to public safety (§ 1170.18, subds. (a)–(b)); and (3) requiring that the felony conviction be designated as a misdemeanor if the sentence has been completed (§ 1170.18, subds. (f)–(g).) (Maj. opn., *ante*, at pp. 16–17.)

6

The majority finds no ambiguity in these provisions, and that should be the end of the matter. "It is our function to give [a] statute the effect its language suggests, however modest that may be; not to extend it to admirable purposes it might be used to achieve." (*Morrison v. National Australia Bank Ltd.* (2010) 561 U.S. 247, 270.)

The majority acknowledges that its approach might be contrary to a literal interpretation of sections 667.5 and 1170.18, but notes that the California Supreme Court "recently subordinated literal interpretation to legislative intent in a striking manner[]" to interpret a different provision of Proposition 47 in *People v. Valencia* (2017) 3 Cal.5th 347, such that "legislative intent is not to be thwarted by a literal interpretation of statutory words conflicting with it …." (Maj. opn., *ante*, at pp. 17–18.)

As explained above, I do not find anything in Proposition 47 or section 1170.18 that would extend the washout rule to a *completed* prior prison term served for a felony conviction reclassified as a misdemeanor. The drafters included a provision for the court to both reclassify a felony conviction to a misdemeanor and recall and resentence the petitioner in certain situations. (§ 1170.18, subds. (a)–(b).) The drafters wrote a separate provision that only authorized the court to reclassify a felony conviction as a misdemeanor when the petitioner has already completed serving the prison term. (§ 1170.18, subds. (f)–(g).) The drafters could have included an additional provision for the court to resentence the petitioner in such a situation but did not do so. Given the detailed provisions of the changes in the law, I do not infer an intent beyond the plain language of the statute.

While subdivision (k) of section 1170.18 states that a reclassified offense shall be considered a misdemeanor "for all purposes," it also acknowledges the distinction between section 1170.18's two methods for relief—in one instance, the felony conviction has been reclassified and the sentence recalled; and in the other instance, the conviction has only been reclassified as a misdemeanor. Subdivision (k) does not state that once the

7

petitioner's felony has been reclassified as a misdemeanor under subdivision (g), the prison sentence actually served by the petitioner must be modified or expunged.[3]

As a separate matter, I am concerned that the extension of Proposition 47 to implicate the washout rule, under facts similar to this case, could prevent imposition of prior prison term enhancements that are based on still-valid felony convictions that have *not* been reclassified. The "expressly stated central objectives" of Proposition 47 were "to redesignate specified minor felony offenses as misdemeanors and to permit those persons previously convicted of these same low-level felonies to seek resentencing as misdemeanors. Proposition 47 further assured voters that persons convicted of murder, rape, and child molestation would not benefit from Proposition 47 and specifically declared that the 'act ensures that sentences for people convicted of *dangerous crimes* ... are not changed.' [Citation.]" (*People v. Valencia, supra*, 3 Cal.5th at p. 363, italics added in original.)

"One of Proposition 47's primary purposes is to reduce the number of *nonviolent* offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative. [Citations.]" (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 992, italics added; *People v. Gonzales*, *supra*, 2 Cal.5th at p. 870.) "The average voter would understand section 1170.18 to mean what it says …." (*People v. Adelmann* (2018) __ Cal.5th __ [232 Cal.Rptr.3d 421,427].) A petitioner with a prior serious felony conviction could potentially obtain the benefit from the enactment of Proposition 47 if the reclassification of a "specified minor felony" offense otherwise triggers the washout rule, to prevent imposition of an enhancement for

_____

[3] Section 1170.18, subdivision (k) states: "*A felony conviction* that is recalled and *resentenced under subdivision (b)* or *designated as a misdemeanor under subdivision (g)* shall be considered a misdemeanor for all purposes, except that resentencing shall not permit that person to own, possess, or have in his or her custody or control a firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (Italics added.)

8

a prior prison term based on the serious felony conviction that was not reclassified. Such an interpretation could amount to the effective reclassification, for purposes of prior prison term enhancements, of felony convictions that do not qualify for misdemeanor status under section 1170.18. I do not believe such an outcome is consistent with the intent behind Proposition 47.

**Application to defendant's case**

Defendant argues that since his prior felony convictions for allegation Nos. 7, 8, and 9 have been reclassified as misdemeanors, the washout rule applies to the enhancements based on allegation Nos. 3, 4, and 6, even though the felony convictions for the latter three allegations have not been reclassified to misdemeanors.

I would find the washout rule would apply for allegation No. 9, but not for allegation Nos. 7 and 8 since defendant completed prison terms for those two offenses.

As explained in the majority opinion, allegation No. 9 was based on defendant's felony conviction for second degree burglary on May 30, 2012. He was sentenced to six years in prison. On February 11, 2015, while defendant was serving this prison term, the court granted his petition for relief under Proposition 47. His felony conviction was reclassified to a misdemeanor, and he was resentenced accordingly. On February 20, 2015, defendant was released from custody. (Maj. opn., *ante*, at p. 7.) I would find the washout rule applies to allegation No. 9 since defendant filed a petition for relief while he was serving the term in that case, the court reclassified his conviction to a misdemeanor, resentenced him, and he was released from custody.

Allegation No. 7 was based on defendant's felony conviction for petty theft with a prior theft-related conviction in 2005. He was sentenced to 32 months in prison, and released on September 12, 2006. On July 15, 2015, defendant's petition for relief under Proposition 47 was granted, and his felony conviction was reclassified as a misdemeanor. (Maj. opn., *ante*, at p. 7.)

9

Allegation No. 8 was based on defendant's felony conviction for second degree burglary in June 2008. He was sentenced to 28 months in state prison. The appellate record does not state when he was released from prison. However, on July 15, 2015, the superior court granted defendant's petition for relief for this burglary conviction and reduced it to a misdemeanor. The record suggests that defendant was not in custody when the court reclassified this burglary conviction, since there is no indication that he was resentenced or released from custody at that time. (Maj. opn., *ante*, at p. 7.)

I would find the washout rule would not apply to allegation Nos. 7 and 8 since defendant had already completed the prison terms in those cases when he obtained relief under Proposition 47. The court reduced the felony convictions to misdemeanors, but it did not have the power to resentence him or otherwise expunge the prison terms he had already served.

As to allegation No. 8, however, the record is silent as to when defendant was released from prison. He was convicted in June 2008, and was sentenced to 28 months in state prison. He may or may not have still been in prison custody for that prior conviction as of September 30, 2010. Defendant was convicted of committing the current offenses when he entered his plea on September 30, 2015. (Maj. opn., *ante*, at p. 3.) There is thus the possibility that the defendant was free from both prison custody *and* the commission of a new felony for a five-year period following his release from serving the prison term for his prior burglary conviction in allegation No. 8 and his conviction in this case. If so, the washout rule would apply based on the timing of his custodial status, but not because the court had reclassified the prior felony in allegation No. 8 to a misdemeanor.

I would thus find the washout rule does not apply to allegation No. 7 but remand the matter for the court to determine defendant's custodial status as to allegation No. 8,

compared to his conviction for the current offenses, to determine if the washout rule would apply based on that time frame.

_____
POOCHIGIAN, Acting P.J.

11