Filed 7/12/23  P. v. Segarra CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049740, H049741, H049742 (Monterey County |
| Plaintiff and Respondent, | Super. Ct. Nos. 21CR008326, 20CR009369, 21CR005100) |
| v. | |
| ISRAFAEL SEGARRA, | |
| Defendant and Appellant. | |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant pleaded no contest to charges in two cases, resulting in convictions for operating a vehicle chop shop (Veh. Code, § 10801); receiving stolen property (Pen. Code, § 496d, subd. (a)); and attempting to dissuade a witness (Pen. Code, § 136.1).  In a third case a jury convicted him of reckless evasion of a police officer (Veh. Code, § 2800.2, subd. (a)) and resisting arrest (Pen. Code, § 148, subd. (a)(1)).  For those three cases defendant was sentenced to an aggregate prison term of three years eight months, arrived at as follows:  The upper term of three years for evading a police officer, and a concurrent six months for resisting arrest; a consecutive eight months for attempting to dissuade a witness; a concurrent low term of two years for operating a chop shop; and a concurrent middle term of two years for receiving stolen property, with one year to be

served on mandatory supervision.  Defendant filed notices of appeal in all three cases, which we ordered considered together.

Defendant contends he is entitled to resentencing under new legislation that applies retroactively and could reduce his aggregate prison term.[1]  After he was sentenced, the Legislature amended Penal Code section 1170 to allow an aggravated term to be imposed only where the aggravating factors have been admitted by the defendant or found true at trial.  (Sen. Bill No. 567 (2020-2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3.)  The new legislation further provides that where the defendant "has experienced psychological, physical, or childhood trauma" that contributed to the offense, the trial court must impose the low term, unless aggravating factors outweigh mitigating circumstances.  (Pen. Code, § 1170, subd. (b)(6).)  The Attorney General agrees the ameliorative amendments apply retroactively but argues remand is not required because defendant was not prejudiced by application of the old standards; that is, his sentence would not have been more favorable had the new law been applied.

Appellate courts are divided on how to determine prejudice in this situation, and the issue is pending before the California Supreme Court.  (See *People v. Dunn* (2022) 81 Cal.App.5th 394, rev. granted Oct. 12, 2022, S275655 [if at least one aggravating factor was found true beyond a reasonable doubt and remaining aggravating factors are reasonably probable to have been found true, assess likelihood same sentence would be imposed]; and compare *People v. Lopez* (2022) 78 Cal.App.5th 459 [if fewer than all aggravating factors were found true by the jury beyond a reasonable doubt, the record must clearly show the same sentence would be imposed considering only the factors that unquestionably would have been found true by the jury] and *People v. Flores* (2022)

---

[1] Defendant informs us he is no longer in prison but asserts the case is not moot because reducing his sentence would mean he spent excess time in custody, which could be credited against his remaining time on post release community supervision.  We agree the appeal is not moot for that reason.  (See *People v. Warren* (2018) 24 Cal.App.5th 899, 919.)

75 Cal.App.5th 495, 500 [error harmless if at least one aggravating factor relied on was found by a jury or unquestionably would have been found by a jury beyond a reasonable doubt].)

In selecting the upper term of three years for evading a police officer, the trial court relied on only two aggravating factors: defendant's prior criminal record, and his poor performance on probation and parole. Even applying the strictest of the various approaches to assessing prejudice, we acknowledge that both of those facts would have been proven true beyond a reasonable doubt based on information readily available in official records had they been submitted to a jury. (Indeed, under the new law prior convictions need not be decided by a jury at all if they can be established by a certified record of conviction. (See Pen. Code, § 1170, subd. (b)(3).)) But satisfactory proof of the aggravating factors relied on by the trial court is not necessarily dispositive in this case. As we have noted, the new law also prescribes that the low term be imposed where the defendant "has experienced psychological, physical, or childhood trauma" that contributed to the offense and is not outweighed by aggravating factors. (Pen. Code, § 1170, subd. (b)(6).) In light of this additional change, we cannot conclude the court would have imposed the same sentence had the amended law been in effect.

The record here contains information suggestive of possible childhood trauma. The probation report notes defendant has no contact with his father; could benefit from grief and loss counseling; and that drugs and alcohol have had a significant effect on his life. We agree with the Attorney General that those facts do not necessarily establish childhood trauma. But it is also significant that defense counsel had less incentive to develop evidence of trauma before this particular law change. Because possible further evidence establishing trauma could inform the trial court's exercise of discretion, the record does not adequately show that the same sentence would have been imposed had the new law been in place, regardless of which standard is applied to assess prejudice. We will therefore reverse and remand for resentencing under the current standards.

3

**DISPOSITION**

The judgment is reversed and the matter remanded for resentencing. Defendant's convictions shall remain. On remand, the prosecution may elect to proceed by meeting the requirements of Penal Code section 1170, subdivision (b)(2) regarding aggravating circumstances or may elect to proceed on the current record. Defendant shall be allowed the opportunity to present evidence in mitigation. The trial court shall then resentence defendant according to the current version of Penal Code section 1170.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H049740, H049741, H049742**
*People v. Segarra*