Filed 12/27/18 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY LEE BALDWIN,<br><br>    Defendant and Appellant. | A147588<br><br>(Del Norte County<br>Super. Ct. No. CRF12-9177)<br><br>**ORDER MODIFYING**<br>**PUBLISHED OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**BY THE COURT:**[1]

On the court's own motion, it is ordered that the opinion filed on December 21, 2018, is modified as follows:

---

[1] Before Jones, P.J., Simons, J., and Bruiniers, Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

On page 10, the final paragraph in part II is amended to read:

Baldwin is therefore entitled to plenary resentencing, with the now misdemeanor convictions for his 1998, 2000, and 2003 convictions, as well as his 1995 felony conviction, no longer eligible for use as §667.5(b) enhancements, subject only to the requirement that Baldwin may not receive an aggregate sentence greater than that previously imposed. (See *People v. Craig* (1998) 66 Cal.App.4th 1444, 1448; *People v. Burbine, supra,* 106 Cal.App.4th at pp. 1258–1259.)

The modification effects no change in the judgment.

Date_____                    _____ P.J.

2

Superior Court of Del Norte County, No. CRF12-9177, William H. Follett, Judge.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Catherine A. Rivlin, Bruce M. Slavin and Basil Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Filed 12/21/18-Opinion following order vacating prior opinion (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY LEE BALDWIN,<br><br>        Defendant and Appellant. | A147588<br><br>(Del Norte County<br>Super. Ct. No. CRF12-9177) |

Anthony Lee Baldwin was convicted in 2012 of robbery (Pen. Code, § 211),[2] felony petty theft with theft priors (§§ 484, 666), and misdemeanor brandishing a knife (§ 417). He was sentenced to prison for a term of three years for the robbery plus six consecutive one-year enhancements for prior prison terms (§ 667.5, subd. (b); hereafter section 667.5(b)), and sentence was stayed on the other two convictions (§ 654). In 2015, Baldwin successfully petitioned under the Safe Neighborhoods and Schools Act (Proposition 47) to reduce three of the prior section 667.5 felony convictions to misdemeanors. He then filed a Proposition 47 petition in the instant case to resentence the felony theft as a misdemeanor and dismiss four of the section 667.5(b) enhancements to his robbery sentence as no longer valid.

The trial court granted Baldwin's petition in part. Sentence was recalled on the felony theft, the offense was reduced to a misdemeanor, and sentence on that count was imposed accordingly. The court, however, declined to resentence Baldwin on the robbery, leaving all section 667.5(b) enhancements in place. On appeal, Baldwin contended the trial court should have recalled his entire sentence and considered the

---

    [2] Undesignated statutory references are to the Penal Code.

1

validity of the sentencing enhancements or exercised its discretion to strike one or more of the enhancements pursuant to section 1385. In an unpublished opinion, we held the court was not required to structure a new sentence under these circumstances, and the section 667.5(b) enhancements were not subject to retroactive reduction under Proposition 47. We affirmed the judgment on December 23, 2016.

In March 2017, our Supreme Court granted Baldwin's petition for review and held the matter pending disposition in another case. In October 2018, the Supreme Court transferred the matter back to this court with directions to vacate our decision and "reconsider the cause in light of *People v. Buycks* (2018) 5 Cal.5th 857" (*Buycks*). In compliance with that directive, we have vacated our December 23, 2016 opinion by separate order and now conclude remand is required for resentencing.

## I.  BACKGROUND

The underlying information in this case charged Baldwin with second degree robbery (§ 211), petty theft with three prior theft-related convictions (§§ 484, 666), and misdemeanor brandishing a knife (§ 417). The information also alleged, under section 667.5(b), that in six separate instances Baldwin had been convicted of a felony, served a prison term for each felony, and in each instance had not remained free of subsequent prison custody or felony conviction for a period of five years. Four of the section 667.5(b) enhancements are relevant here:[3] a June 1995 conviction (Monterey County) for assault with a deadly weapon or force likely to produce great bodily injury (former § 245, subd. (a)(1)); November 1998 and September 2000 convictions (Santa Cruz and Monterey Counties, respectively) for possession of a controlled substance (Health & Saf. Code, former § 11377); and a November 2003 conviction (Santa Cruz County) for making or passing a fictitious check (§ 476).

In June 2012, Baldwin was convicted by jury trial on all three counts. Baldwin admitted all six section 667.5(b) enhancements. The trial court sentenced him to a term

---

[3] The other two section 667.5(b) enhancements were based on convictions for intimidating a victim or witness who assisted law enforcement (§ 140) and taking a vehicle without the owner's consent (Veh. Code, § 10851).

of nine years in state prison—a three-year middle term for the robbery, with six one-year consecutive sentence enhancements.[4]  This court affirmed the judgment.  (*People v. Baldwin* (Nov. 19, 2013, A136164) [nonpub. opn.].)[5]

In 2014, California voters passed Proposition 47, which was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.)  To that end, Proposition 47 reduced most possessory drug offenses and thefts of property valued at less than $950 to straight misdemeanors and created a process for persons currently serving felony sentences for those offenses to petition for resentencing (§ 1170.18).

In July 2015, Baldwin sought reduction of his felony petty theft conviction to a misdemeanor and argued that reduction of his 1998, 2000, and 2003 convictions to misdemeanors precluded their use as §667.5(b) enhancements in his current case. Baldwin attached to his pro se petition copies of Santa Cruz County Superior Court orders granting his section 1170.18 petitions related to his 1998 and 2003 convictions, and a copy of his 1170.18 petition in Monterey County regarding his 2000 conviction.[6]

The court appointed counsel to represent Baldwin on the section 1170.18 resentencing petition.  Baldwin submitted a memorandum of points and authorities and written argument for resentencing, and the People filed written opposition.  Hearings were held in October and November 2015.  On February 2, 2016, the court issued its "Ruling Denying Request Under Proposition 47 to Resentence Without Enhancements."

_____

[4] Pursuant to section 654, the court imposed and suspended a three-year sentence for the felony petty theft conviction and a one-year sentence for the misdemeanor brandishing conviction.

[5] A related habeas corpus petition was summarily denied on the same date.

[6] While not included in this record, a copy of a Monterey County Superior Court order granting Baldwin's petition was later filed with the trial court and stipulated by the parties to be a valid order.

The court denied resentencing on the base robbery count, finding that the "the judgment is final and the enhancements were correctly imposed at the time of sentencing." On February 11, 2016, the court granted Baldwin's resentencing petition as to the petty theft conviction. Baldwin filed a timely notice of appeal.

## II. DISCUSSION

Baldwin contends he was entitled to a plenary resentencing hearing on all counts and enhancements, and the trial court was required to determine the validity of the section 667.5(b) enhancements as of the time of resentencing. He is correct.

A. *Section 667.5(b) Enhancements*

1. *1998, 2000, and 2003 convictions*

Baldwin's original sentence included six consecutive one-year enhancements imposed for his prior felony prison commitments under section 667.5(b). "Imposition of a sentence enhancement under [section 667.5(b)] requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction." (*People v. Tenner* (1993) 6 Cal.4th 559, 563.) When found to be true, imposition of the one-year consecutive sentence enhancement is "mandatory unless stricken." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.)

In *Buycks*, the Supreme Court, interpreting the "misdemeanor for all purposes" language of section 1170.18, subdivision (k),[7] as added by Proposition 47, held that "a defendant who successfully petitions for resentencing on a current Proposition 47 eligible conviction may, at the time of resentencing, challenge a felony-based enhancement contained in the same judgment because the prior felony conviction on which it was

---

[7] Section 1170.18, subdivision (k) provides that "[a] felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that resentencing shall not permit that person to own, possess, or have in her or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 or Title 4 of Part 6."

4

based has since been reduced to a misdemeanor." (*Buycks, supra,* 5 Cal.5th at p. 879.) Addressing section 667.5(b) priors, the court found "the resentencing of a prior underlying felony conviction to a misdemeanor conviction negates an element required to support a section 667.5 one-year enhancement. A successful Proposition 47 petition or application can reach back and reduce a defendant's previous felony conviction to a misdemeanor conviction because the defendant 'would have been guilty of a misdemeanor under' the measure had it 'been in effect at the time of the offense.' (§ 1170.18, subds. (a), (f).) Therefore, if the 'felony conviction that is recalled and resentenced . . . or designated as a misdemeanor' conviction becomes 'a misdemeanor for all purposes,' then it can no longer be said that the defendant 'was previously convicted of a felony' [citations], which is a necessary element for imposing the section [667.5(b)] enhancement. Instead, 'for all purposes,' it can only be said that the defendant was previously convicted of a misdemeanor. [¶] Consequently, section 1170.18, subdivision (k) can negate a previously imposed section [667.5(b)], enhancement when the underlying felony attached to that enhancement has been reduced to a misdemeanor under the measure." (*Buycks,* at pp. 889–890, fn. omitted.) In Baldwin's case, his 1998, 2000, and 2003 convictions are thus no longer eligible for use as §667.5(b) enhancements.

2. *1995 felony conviction*

Baldwin's June 1995 conviction, for assault with a deadly weapon or force likely to produce great bodily injury (former § 245, subd. (a)(1)), remains a felony. Baldwin argues that if enhancement for the subsequent 1998, 2000, and 2003 felonies convictions were stricken, his 1995 felony conviction no longer meets section 667.5(b) enhancement requirements because he would be deemed to have remained free of prison custody and felony conviction for five years thereafter.[8] He is factually incorrect. As the Attorney General points out, the plain language of section 667.5(b) states the five-year "washout"

---

[8] No additional term may be imposed under section 667.5(b) when the defendant "remained free of both the commission of an offense which results in a felony conviction, and prison custody" for a period of five years.

5

rule applies only where the defendant "remained free of both the commission of an offense which results in a felony conviction, *and* prison custody." (Italics added.) Baldwin did not.

Section 667.5(b), by its express terms, requires that a defendant be free from *both* prison custody and the commission of a new felony for any five-year period following discharge from custody or release on parole. "Both prongs of the rule, lack of prison time *and* no commission of a crime leading to a felony conviction for a five-year period, are needed for the 'washout' rule to apply. This means that for the prosecution to prevent application of the 'washout' rule, it must show a defendant *either* served time in prison *or* committed a crime leading to a felony conviction within the pertinent five- year period. [Citations.] This construction furthers the legislative intent behind enactment of section [667.5(b)] of 'increasing the punishment incurred by repeat offenders and thereby deterring recidivism.' " (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229.)

Our colleagues in the Fifth District recently acknowledged that the literal terms of the washout provision—requiring five years free of both felony offenses and incarceration in prison—are not satisfied if the defendant served the prior prison terms, even though the underlying offenses can no longer be treated as felonies. (*People v. Warren* (2018) 24 Cal.App.5th 899, 915 (*Warren*).) The court, however, concluded a literal construction of the statute is inconsistent with the legislative intent expressed in Proposition 47. (*Warren*, at p. 915.) The *Warren* court "infer[ed] that the voters intended successful Proposition 47 petitioners to be relieved of the effects of their former felony convictions, including the effects of the sentences imposed for those convictions. The voters' legislative judgment was that, for the offenses identified in a successful Proposition 47 petition, neither felony status nor felony punishment is appropriate." (*Warren*, at p. 915.) The Attorney General argues that *Warren*, and the Fifth District's subsequent decision in *People v. Kelly* (2018) 28 Cal.App.5th 886 (*Kelly*) reaching the same conclusion, were wrongly decided. While we do not fully adopt the rationale of *Warren* and *Kelly*, we ultimately accept their conclusion.

6

*Warren* seeks to harmonize section 667.5(b) with the ameliorative focus of Proposition 47. (*Warren, supra,* 24 Cal.App.5th at p. 908.) We are not certain they can be reconciled. The *Warren* court reads section 667.5(b) to permit sentence enhancement "only for a prior offense that (1) is a felony, and (2) was committed under circumstances and in a manner that warranted a prison term. Since felony status is one of the requirements, logic bars a trial court from imposing an enhancement pursuant to this provision based on a prior offense that the court '*shall* . . . consider[] a misdemeanor for all purposes.' (§ 1170.18, subd. (k), italics added.)" (*Warren*, at p. 911.) We think *Warren*, in seeking to harmonize Propositions 8 and 47, overlooks what our Supreme Court has found to be the legislative purpose of section 667.5(b)—a purpose at odds with the focus of Proposition 47.

*Warren* relies on *People v. Prather* (1990) 50 Cal.3d 428 (*Prather*) and *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*) for the proposition "that prior prison term enhancements are aimed primarily at the prior felony and only secondarily at the prior prison term (as an indication of the severity of the felony)," and consequently, "the prison term required for application of section [667.5(b)] cannot serve as an *independent* basis for an enhanced sentence." (*Warren, supra,* 24 Cal.App.5th at p. 911.) But *Prather* and *Jones* addressed very different questions. In *Prather*, the question was whether article I, section 28, subdivision (f) of the California Constitution, adopted when the voters approved Proposition 8, abrogated a statutory prohibition on using sentence enhancements to create a total sentence exceeding double the base term. (*Prather*, at pp. 430–431.) *Jones* interpreted section 667 (enacted as part of Proposition 8), rejecting an interpretation that would have permitted cumulative imposition of enhancements under both section 667 (five-year enhancement for prior serious felony) and section 667.5(b) for the same prior offense. (*Jones,* at pp. 1146, 1152–1153.)

In focusing on presumed voter intent in enactment of Proposition 47, the *Warren* court appears to ignore what the Supreme Court found in both *Prather* and *Jones* to be the voter intent in enactment of Proposition 8. (See *Jones, supra*, 5 Cal.4th at p. 1147 [electorate's clear intent in simultaneously enacting Cal. Const. art I, § 28, subd. (f), and

7

section 667, "was to increase sentences for recidivist offenders"—"[t]he more obdurate the offender, the greater the sentence to be imposed"]; *Prather, supra*, 50 Cal.3d at p. 435 [changes enacted under Prop. 8 were intended to achieve "increased punishment and effective deterrence . . . by increasing the total period of imprisonment for recidivist offenders"].)

*Warren* relies upon *People v. Valencia* (2017) 3 Cal.5th 347 (*Valencia*) for the principle "that legislative intent is not to be thwarted by a literal interpretation of statutory words conflicting with it." (*Warren, supra,* 24 Cal.App.5th at p. 917.) We do not read *Valencia* so broadly. *Valencia* held the definition of "unreasonable risk of danger to public safety" employed in Proposition 47 (enacting § 1170.18, subd. (c)) did not amend the similarly worded resentencing criteria for eligible third-strike offenders (§ 1170.126, subd. (g)(3)) under previously enacted Proposition 36. (*Valencia*, at pp. 356, 373–375.) *Valencia* discussed at great length the applicable rules of statutory interpretation, but ultimately concluded a contrary interpretation would reach a result "not mentioned by the Attorney General or Legislative Analyst [in the ballot materials], and contrary to the stated purposes and assurances described in the measure's own preamble." (*Id*. at p. 374.) *Warren* points to nothing in the ballot materials for Proposition 47 that addresses its impact on recidivist offenders—the focus of section 667.5(b). " 'We cannot presume . . . the voters intended the initiative to effect a change in law that was not expressed or strongly implied in either the text of the initiative or the analyses and arguments in the official ballot pamphlet.' " (V*alencia*, at p. 364.)

Nevertheless, our Supreme Court has interpreted the language "misdemeanor for all purposes" of section 1170.18, subdivision (k), broadly. The high court has construed Proposition 47 to mitigate criminal punishment and that the "ameliorative changes are intended to 'apply to every case to which it constitutionally could apply' . . . ." (*Buycks*, *supra*, 5 Cal.5th at p. 881.) While not directly addressing the issue presented here, the court, in a footnote, disapproved *People v. Acosta* (2016) 247 Cal.App.4th 1072, "to the extent that it held that the 'misdemeanor for all purposes' language of section 1170.18, subdivision (k) alters only the status of felony convictions, *not the fact that the defendant*

8

*has served a qualifying prior felony prison term* for purposes of a section [667.5(b)] enhancement." (*Buycks*, at p. 889, fn. 13, italics added; *People v. Kelly, supra,* 28 Cal.App.5th at pp. 901–902 [noting dicta in *Buycks*].)

"It is, of course, axiomatic that it is only the ratio decidendi of a Supreme Court opinion that is fully binding as precedent on the lower courts of this state. [Citations.] . . . It is equally axiomatic, however, that Supreme Court dicta is not to be blithely ignored. Indeed, such dicta is said to be 'persuasive' [citation] and to 'command[] serious respect.' " (*Bunch v. Coachella Valley Water Dist.* (1989) 214 Cal.App.3rd 203, 212.) "As one appellate court has advised: 'Generally speaking, follow dicta from the California Supreme Court.' " (*Aviles-Rodriguez v. Los Angeles Community College Dist.* (2017) 14 Cal.App.5th 981, 990.) Consequently, we accept the conclusion of our Fifth District colleagues that "the broad interpretation of Proposition 47 by the California Supreme Court indicates that it should likewise apply to mitigate the effects of the washout rule." (*People v. Kelly, supra,* 28 Cal.App.5th at p. 901; *Warren*, *supra*, 24 Cal.App.5th at p. 904.)

B.      *The Full Resentencing Rule*

"[U]pon remand for resentencing after the reversal of one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259.) In *Buycks*, the Supreme Court, articulating the "full resentencing rule," held that " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*Buycks, supra,* 5 Cal.5th at p. 893, quoting *People v. Navarro* (2007) 40 Cal.4th 668, 681.) The court explained that, "notwithstanding the *Estrada* rule, a person may petition for recall of his or her current sentence under section 1170.18, subdivision (a), upon which the trial court, when it resentences on the eligible felony conviction, must also resentence the defendant generally and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction. [¶] . . . [S]ection 1170.18's exception to [the] rule of finality applies

9

not only to individual counts, but to the entire *case* in which the judgment contains at least one felony conviction qualifying for reduction to a misdemeanor under the resentencing procedures of Proposition 47." (*Buycks*, at p. 894.)

Baldwin is therefore entitled to plenary resentencing, with the now misdemeanor convictions for his 1998, 2000, and 2003 convictions no longer eligible for use as §667.5(b) enhancements, subject only to the requirement that Baldwin may not receive an aggregate sentence greater than that previously imposed. (See *People v. Craig* (1998) 66 Cal.App.4th 1444, 1448; *People v. Burbine, supra*, 106 Cal.App.4th at pp. 1258–1259.)

### III.    DISPOSITION

The matter is remanded to the trial court to recalculate and reimpose sentence in accordance with the views expressed in this opinion.

_____

BRUINIERS, J.[*]


WE CONCUR:



_____

JONES, P. J.



_____

SIMONS, J.



---

[*] Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

A147588

Superior Court of Del Norte County, No. CRF12-9177, William H. Follett, Judge.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Catherine A. Rivlin, Bruce M. Slavin and Basil Williams, Deputy Attorneys General, for Plaintiff and Respondent.